# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-1354

———————————————

United States of America

*Plaintiff - Appellee*

v.

Senica Howard

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Arkansas - El Dorado

——————————

Submitted: November 25, 2016
Filed: December 5, 2016
[Unpublished]

——————————

Before WOLLMAN, ARNOLD, and MURPHY, Circuit Judges.

——————————

PER CURIAM.

Senica Howard pleaded guilty to distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1). The district court[1] found that he qualified as a career

———————————

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

offender, see U.S.S.G. § 4B1.1, based on two prior Arkansas drug convictions; and sentenced him below the resulting Guidelines range to 120 months in prison. On appeal, counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court should not have considered one of the prior drug convictions for the career-offender enhancement, as Howard did not possess a sufficient amount of drugs to constitute possession with intent to deliver; and that the sentence was substantively unreasonable. We denied counsel's withdrawal motion and ordered supplemental briefing addressing whether the presentence report correctly stated that Howard had pleaded guilty in state court to possessing drugs with intent to deliver based on his November 24, 2012 arrest; and if not, whether he had two predicate offenses to qualify for the career-offender enhancement.

Upon reviewing the supplemental briefs and the appendix containing the state court documents relevant to the arrest, we conclude that--based on the state court's sentencing order--Howard's conviction based on his November 2012 arrest was for possession with intent to deliver hydrocodone, and thus that it qualified as a predicate offense to qualify him as a career offender. See Ark. Code Ann. §§ 5-64-424 (possession of schedule I or II controlled substance that is not methamphetamine or cocaine with purpose to deliver; Class C felony if person possessed less than 2 grams), 5-4-401(a)(4) (Class C felony is punishable by 3-10 years in prison); U.S.S.G. § 4B1.2(b) (controlled substance offense is state or federal offense, punishable by imprisonment for term exceeding 1 year, that prohibits, as relevant, possession of controlled substance with intent to manufacture, import, export, distribute, or dispense). The district court properly declined to look at the facts underlying the arrest to determine whether the drug amount was sufficient for the conviction. See Taylor v. United States, 495 U.S. 575, 600 (1990). We reject Howard's remaining pro se challenges to the application of the career-offender enhancement.

Because the Guidelines range was properly calculated and the 120-month sentence was below that range, we also conclude that the sentence was not substantively unreasonable. See United States v. McCauley, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that when district court has varied below Guidelines range, it is "nearly inconceivable" that court abused its discretion in not varying downward further).

Accordingly, we grant Howard's pro se appellate motion, and we affirm.

_____